TERBELL and others vs. JONES, impleaded, &c.

When a notary has neglected to keep a record of the notice which he has served of the non-payment of a note, his oral testimony is admissible to prove its contents.

If notice of non-payment was received by the indorsee on the day he was entitled to receive it, it is immaterial whether it was served personally or through the mail.

APPEAL from the Circuit Court for *Winnebago* County.

Action against the defendant *Jones* as the indorser of a note made by his co-defendant Roberts. The answer denied notice of non-payment. On the trial, the plaintiffs introduced the notary's certificate of protest of the note, in which it was certified that on the day the note fell due and was protested for non-payment, notice of the protest was delivered to *Jones* by the notary in person. The plaintiffs then stated that they had served upon the attorney of *Jones* notice to produce up-

January Term, 1862.

TERRELL et al.
v.
JONES.

on the trial the notice of protest of the note, or that parol evidence would be given of its contents. *Jones* did not produce the notice, and the notary was sworn, and after stating that there was no record of the certificate or notice, except a memorandum at his house, and that he gave a notice of the non-payment of the note to *Jones* personally, on the day it was due and protested, testified to the contents of the notice. This evidence was objected to, on the ground that the law requires a notary to keep a record of all protests and notices of protest made and served by by him, and that such record is the best and only proper evidence of the notice. The objection was overruled. The plaintiffs then offered to show by the notary, that the memorandum spoken of by him was simply a charge made by him against the plaintiffs for fees of protest, which was objected to by the defendant, and objection sustained. It was proved that *Jones* lived within a few rods of the residence and place of business of the notary. *Jones* was then sworn in his own behalf, and testified that he received through the post-office a notice of the protest of the note, on the day it was protested for non-payment, and that he never received any other notice of the protest.

The court instructed the jury that if the note was duly presented for payment on the day it fell due, and was not paid, and *Jones* received notice of the non-payment on that day, he was liable as indorser, whether he received the notice personally or through the mail. Verdict and judgment for the plaintiffs.

*Moses Hooper*, for appellant, as to the admission of parol evidence to prove the contents of the notice, cited R. S., chap. 12, sec. 6; *Smith vs. Hill,* 6 Wis., 154–6; and as to the insufficiency of the service of notice, R. S., chap. 12; *Smith vs. Hill, supra*; 7 Wis., 161; 20 Johns., 372; 2 Hill, 587; 3 Ill., 53; 4 id., 129; 6 Serg. & Rawle, 324.

*W. Packard*, contra, on the last point, cited 8 Foster, 302; 2 Richardson, 338; 2 Pet., 121; 3 McLean, 96, 583; 17 La., 359; 5 Hill, 236; Story on Notes, §§ 322, 327.

May 15. *By the Court,* COLE, J. We suppose the object of section 6, chapter 12, Revised Statutes, which requires notaries to

keep a record of all protests made, and all notices served
by them, was to protect the holders of commercial pa-
per.   On account of the death or absence of the notary, the
holder of such paper was frequently unable to prove a de-
mand and notice.   Hence the necessity of some such pro-
vision of law, making it the duty of all notaries to keep a
record of all protests and notices, &c., which record is made
presumptive evidence of the facts therein required to be sta-
ted.   But where, as in this case, the notary neglects to keep
such a record, but is able, by his own testimony, to prove
the contents of a notice of protest, we see no valid objection
to the admission of the evidence.   It is said that the parol
testimony of the notary to prove the contents of such a no-
tice ought not to be admitted, because, until the contrary ap-
pears, it must be presumed that there is a solemn record of
the notice.   It certainly did appear in this case that the no-
tary kept no such record, but a mere memorandum of the
notice and protest.   And it does not even appear what the
nature of the memorandum was, whether it contained what
a proper record should, or whether it related to fees, &c.
But the notary was able to testify to the contents of the no-
tice fully, and under the circumstances we can see no objec-
tion to the evidence.

There is a discrepancy in the testimony in regard to the
way that notice of the dishonor of the note was given.   The
notary swears that he gave the appellant, the indorser, per-
sonal notice.   *Jones* contradicts him upon this point, and
says that he received the notice of protest on the day of the
presentment and refusal, through the mail.   The circuit
court, in effect, instructed the jury that if the note was pre-
sented for payment at the proper place when due, and not
paid, and the appellant received notice of non-payment, on
the very day he was entitled to such notice, that then it was
immaterial in fact how the notice was served, whether per-
sonally or through the mail.   As it appeared in the case that
the indorser lived within two miles of the residence and place
of business of the notary, it is claimed that notice of the dis-
honor should have been personally served upon him, or left
at his dwelling house or place of business, and could not be

served through the post office, although it in fact reached the indorser. We do not think the position well taken. We cannot readily understand what possible difference it could make to the appellant, whether he received the notice of dishonor through the mail or by personal service, so in fact he did receive it in time to enable him to take proper means for his own security. And such, we believe, is the effect of the following authorities: *Ransom vs. Mack*, 2 Hill, 587 ; *Bank of U. S. vs. Corcoran*, 2 Peters, 121 ; *Manchester Bank vs. Fellows*, 8 Foster, 303 ; *Hyslop vs. Jones*, 3 McLean, 96 ; *Hill vs. Norvell*, id., 583 ; Story on Promissory Notes, § 322, and other authorities cited in note 2.

We are of opinion that the notice given in this case was sufficient.

The judgment of the circuit court is affirmed.